(No. 873—Claimant awarded $249.70.)

JACOB SCHREPFER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

RE-IMBURSEMENT—*when award may be made to State employee.* There exist no liability against the State to re-imburse its employees for moneys expended by them in the defense of a suit brought against them for a tort or wrong committed by them in the performance of their duty.

SAME—*award may be made on grounds of social justice and equity.* An award may be made to a State employee to re-imburse them for moneys expended in their defense of a proceeding brought against them for an alleged tort or wrong, as a matter of social justice and equity.

JACOB SCHREPFER, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Claimant, Jacob Schrepfer, who was an appointee of the State as game warden in the Fish and Game Division of the Department of Agriculture, in April, 1921, learning that one Harry Sanford was violating the Fish and Game Laws of the State by having out and in use nets after the expiration of the time for so catching fish, took ten of Sanford's nets and carried them out on land and never disturbed the nets further. He prosecuted Sanford, who was found not guilty. Sanford claimed that claimant took other nets not above stated and sued him for value of same in county court.

The suit terminated in the jury giving a judgment against claimant in sum of $562.50, which on motion of defendant's counsel was set aside.

It being a jury case, it was thought very doubtful, in view of the action of the jury in the foregoing case, whether the State officers could ever succeed in the case; and under the advice of claimant's attorney and the officer representing the Fish and Game Department the suit was settled by claimant

paying the plaintiff in the said suit the sum of $150.00, and Francis C. Vouacher $50.00 attorney's fees for his services in looking after the interests of the State's officers in the suit; court costs in the case $44.70 and Grace E. Sweney for stenographic work $5.00, making a total of $249.70. Claimant thus settled the suit, on advice of his and his associate's attorney, and on advice of an officer legally representing the Fish and Game Department.

While the finding of the jury might, at first blush, be taken as proof that the claimant had taken other nets other than those accounted for, yet the idea is dispelled from the fact that the court set aside the verdict and gave a new trial.

It is thus evident that the jury was wrong and claimant was sustained in his contention in the defense. But counsel and the officer representing the Fish and Game Department thought it would be much more expensive to further litigate the case than it would be to pay a small sum and thus end the matter. The jury, they saw, was evidently prejudiced against the State.

Claimant acted under the advice of his attorney and his superior officer and paid it; and from all the facts and evidence in the case, we are inclined to think it was about the best settlement that could be made under the circumstances.

The Attorney General submitted the matter to the Warden of Fish and Game Department and he replied recommending the payment of the claim as equitable. He exonerates claimant, as he was acting under advice of his attorney and his superior officer.

From the evidence there is no legal claim made out against the State; but in the interest of social justice and equity, we will and do award claimant the sum of $249.70.